IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MICHAEL SUSSMAN,<br><br>    Plaintiff,<br>v.<br><br>WFM-WO, INC. JOHN DOE et al.,<br><br>    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:17-cv-418<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

   Plaintiff, Michael Sussman, filed a *pro se* civil rights suit alleging violations of The Civil Rights Act, Plaintiff's Easement rights, assault and violations of the Utah Administrative Code, freedom of speech, religion and due process. Mr. Sussman is proceeding *pro se* in accordance with 28 U.S.C. § 1915. The case is referred to the undersigned for disposition in accordance with 28 U.S.C. 636(b)(1)(B) and for screening under 28 U.S.C. §1915(e).

Standard of Review

   Under § 1915(e)(2) the court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant.[1] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[2] When reviewing the sufficiency of a complaint the court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[3] Because Plaintiff is

---

[1] *See* 28 U.S.C. § 1915(e)(2)(B).

[2] *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

proceeding *pro se* the court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers."[4] However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."[5] While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[6]

Discussion

Plaintiff's Complaint alleges injuries arising from interactions with store employees in Sugarhouse, Utah where Plaintiff entered to "buy soda."[7] The employees allegedly insulted Plaintiff treating him like he did not know about "Kosher laws." Plaintiff also goes into an analysis of Islam in his Complaint and takes issue with "chewing gum." Mr. Sussman alleges violations of his civil rights, easement rights, the Utah Administrative Code, freedom of speech, religion, due process and argues there was an assault. Plaintiff seeks compensatory damages of $50,000 against each Defendant as well as punitive/exemplary damages against Defendant WFM-Wo, Inc in "excess of ten million dollars." Having construed Plaintiff's Complaint liberally the court finds it fails to state a claim upon which relief may be granted.

To assert a cause of action under Section 1983 for a civil rights violation, a plaintiff must plead "both the existence of a federally-protected right and the deprivation of that right by a person acting under color of state law."[8] In addition, a § 1983 plaintiff must establish "an

---

[4] *Id.* at 1110.

[5] *Id.*

[6] *Id.*

[7] Complaint p. 2, docket no. 3.

[8] *Wittner v. Banner Health*, 720 F.3d 770, 773 (10th Cir. 2013); *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, L. Ed. 2d 40 (1988).

2

affirmative link between a defendant's conduct and a constitutional violation, and that affirmative link 'must be alleged in the complaint as well as proven at trial.'"[9] Private conduct, "'no matter how discriminatory or wrongful' may not be redressed by a § 1983 claim."[10] An exception to this rule exists if a private party acts as a willful participant in a conspiracy or a "joint activity with the State or its agents."[11]

Mr. Sussman's Complaint fails to state a violation of 42 U.S.C. § 1983. He fails to allege any of the named Defendants were acting under color of law or provides an affirmative link between Defendants and a violation of his constitutional rights. And to the extent Plaintiff seeks to claim some type of collusion between the Defendants, he fails to provide allegations of an agreement or concerted action between these Defendants. While claims of a conspiracy may form the basis of a § 1983 claim, a Plaintiff must set forth "specific facts showing an agreement and concerted action amongst the defendants .... Conclusory allegations of conspiracy are insufficient to state a valid 1983 claim."[12]

Additionally, the court finds there is no factual basis in the Complaint to support the alleged violations of Plaintiff's other rights. Accordingly, in accordance with 28 U.S.C. § 1915(e) the undersigned RECOMMENDS to the District Court that Plaintiff's Complaint be dismissed.[13]

---

[9] *Auvaa v. City of Taylorsville*, 506 F. Supp. 2d 903, 909–10 (D. Utah 2007) (quoting *Stidham v. Peace Officer Standards And Training,* 265 F.3d 1144, 1157 (10th Cir. 2001). *3

[10] *Espinoza v. Walgreen Co*., 2009 WL 2843345, at *2 (D. Utah Aug. 25, 2009) (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L.Ed. 2d 130 (1999)).

[11] *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (quotations and citation omitted); *see also Dennis v. Aparks*, 449 U.S. 24, 27-28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980) (a private person acts under color of state law when engaged in a conspiracy with state officials to deprive another of federal rights.).

[12] *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (quotations and citation omitted).

[13] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Recommendation

The court recommends that Plaintiff's Complaint be dismissed.  Copies of the foregoing Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[14]  A party must file an objection to this Report and Recommendation within fourteen (14) days of being served.[15]  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 30 May 2017.

Brooke C. Wells
United States Magistrate Judge

---

[14] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[15] *Id.*